UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 116 |
| | ) | 1:10 CV 2947 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Benjamin Williams, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 88) and Government's Motion to Dismiss (Doc. 90). For the following reasons, defendant's motion is DENIED and the government's motion is GRANTED.

### Discussion

As stated succinctly by the Sixth Circuit Court of Appeals:

> Benjamin Williams pleaded guilty to conspiracy to distribute and possess cocaine and unlawful possession of a firearm by a felon. The district court entered the final judgment of conviction and sentence on September 21, 2006.

1

The district court's docket shows no further action in the case until four years later, on September 24, 2010, when Williams filed a notice of appeal.

*United States v. Benjamin*, No. 10-4218 (6th Cir. Dec. 1, 2010). Because defendant's notice of appeal was filed more than four years after the judgment of the district court, the Sixth Circuit dismissed the appeal as untimely.

Less than one month after issuance of the Sixth Circuit's Order, defendant filed his § 2255 motion. The government moves to dismiss the § 2255 motion as time-barred. For the following reasons, dismissal is warranted.

Defendant was sentenced on September 21, 2006. He did not file a timely appeal of his conviction. In general, the one-year statute of limitations for § 2255 motions begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. Convictions become final upon conclusion of direct review. When a federal criminal defendant, however, does not appeal, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, i.e., ten days after the judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004).

Under *Sanchez-Castellano*, defendant's conviction became final on October 1, 2006. Defendant filed his § 2255 motion on December 27, 2010. Given that defendant did not file his § 2255 motion until more than four years after the date upon which his conviction became final, the motion is untimely. Defendant's untimely appeal which was dismissed by the Sixth Circuit does not affect this determination.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 is denied and the Government's Motion to Dismiss is granted. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

    IT IS SO ORDERED.


                    /s/ Patricia A. Gaughan
                    PATRICIA A. GAUGHAN
                    United States District Judge

Dated: 2/22/11